UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x
ADRIAN LIZARDO, JUAN DURAN & IVAN
RAMIREZ

                          Plaintiff

    -against-

                                          THIRD AMENDED
                                          COMPLAINT
                                          PLAINTIFFS DEMAND
THE CITY OF NEW YORK                   TRIAL BY JURY
 et al

                                                  14-cv- 00068

                        Defendants
-------------------------------------------------------------------------X

MICHAEL COLIHAN- ATTORNEY AT LAW

                                                                  44 Court Street
                                                                     Suite 906
                                                            Brooklyn, New York 11201

Phone (718) 488-7788

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
ADRIAN LIZARDO, JUAN DURAN & IVAN
RAMIREZ

                Plaintiff

    -against-

                                         THIRD AMENDED
                                         COMPLAINT
                                         PLAINTIFF DEMANDS
THE CITY OF NEW YORK, DETECTIVE VINCENT   TRIAL BY JURY
ESPOSITO, LT. CHRISTOPHER COLL
DET. ANTHONY GARITTA
and POLICE OFFICER JOHN DOE 1-10

                                         14-cv- 00068

                Defendants
------------------------------------------------------------------------X

**PRELIMINARY STATEMENT**

    1. This is a civil action for damages brought pursuant to redress the deprivation by defendants of the rights secured to plaintiff under the Constitution and laws of the United States and State of New York. The defendants, upon information & belief, without a warrant and without probable cause, unlawfully arrested and falsely imprisoned the plaintiffs ADRIAN LIZARDO, JUAN DURAN & IVAN RAMIREZ  Malicious prosecution is claimed as well The charges were false and were eventually dismissed after the plaintiffs suffered wrongful incarceration. The plaintiffs did not consent to the confinement on any of the occasions as set forth below and it was not otherwise privileged.. By the filing of this complaint, the plaintiff now alleges that the City of New York & the New York City Police Department violated his rights under 42 USC Section 1983, the 4th Amendment of the United States Constitution and

New York State law. In addition, the plaintiff invokes the pendant jurisdiction of this court to assert claims arising under state law

2. That the jurisdiction of this Court is invoked under the provisions of Section 1331 & 1343 of Title 28 and Sections 1983 & 1988 of Title 42 of the United States Code .

3. The acts complained of above are not an isolated incident. They are part of a pattern of abuse by the New York City Police Department in the City of New York of false arrests, particularly against minorities. The motivation includes but is not limited to obtaining overtime compensation, the statistical needs of the NYPD, and other improper motives.

**PARTIES**

4. That at all times hereinafter mentioned, the plaintiff ADRIAN LIZARDO was and still is a resident of the City & State of New York.

5. That at all times hereinafter mentioned, the plaintiff JUAN DURAN was and still is a resident of the City & State of New York.

6. That at all times hereinafter mentioned, the plaintiff IVAN RAMIREZ was and still is a resident of the City & State of New York.

7. Upon information and belief the defendant THE CITY OF NEW YORK was and is a municipal corporation organized and existing under the laws of the City and State of New York.

8. That the defendants DETECTIVE VINCENT ESPOSITO, LT. CHRISTOPHER COLL

and DETECTIVE ANTHONY GARITTA were and are agents, servants and employees of the defendant THE CITY OF NEW YORK..

9. That the defendants POLICE OFFICER JOHN DOE 1-20 were agents, servants and employees of the defendant THE CITY OF NEW YORK.

## STATEMENT OF RELEVANT FACTS ON
## BEHALF OF ADRIAN LIZARDO

10. That on or about the 23rd day of January, 2013 the plaintiff was lawfully in in the County of Queens, City and State of New York. The plaintiff was committing no crime at that time and was not acting in a suspicious manner.

11. That while at the aforesaid time and place the plaintiff was unlawfully and without just cause, approached, accosted, assaulted, falsely arrested and falsely imprisoned by the aforementioned officers of THE NEW YORK CITY POLICE DEPARTMENT who were agents, servants and employees of the defendant THE CITY OF NEW YORK who were acting under color of law during the aforesaid transactions, including but not limited to DETECTIVE VINCENT ESPOSITO and POLICE OFFICER JOHN DOE 1-10.

12. That the plaintiff was wrongfully incarcerated. He was prosecuted under docket number 2013QN004387 of the Criminal Court of the City of New York & County of Queens.. The charges included violation of New York State Penal Law 220.39 & 221.10

13. While the plaintiff was being held, his designated " arresting officer DETECTIVE VINCENT ESPOSITO, with the acquiescence of other defendants, misrepresented facts in the police reports and other documents that the plaintiff had committed offenses when in fact this was not true.

14. Upon information and belief, defendant's motives in filing these false charges was to cover up their misconduct, obtain overtime compensation and obtain credit for an arrest, and cover up the misconduct of other police officers.

15. Upon information and belief, defendants misrepresented to the Queens County District Attorney's Office and the Criminal Court of the City of New York and County of Queens that the plaintiff had committed one or more offenses.  Their motives in filing these false charges was to cover up their misconduct, obtain overtime compensation and obtain credit for an arrest..

16. That the defendant continued with the prosecution of this action even though they knew the charges were false and baseless. This was done deliberately and with the intent of harassing and damaging the plaintiff. The malicious prosecution continued until October 3, 2013 when the matter was dismissed before Judge Mullings in Part N of the Criminal Court of the City of New York and County of Queens, forcing the plaintiff to make numerous court appearances .

17.  That by reason of the foregoing the plaintiff suffered  and suffered  serious and severe physical and psychological injuries, some of which, upon information & belief are permanent in nature.

## FIRST CLAIM INTENTIONAL INFLICTION OF MENTAL & EMOTIONAL DISTRESS AS AGAINST THE NEW YORK CITY POLICE DEPARTMENT AND THE INDIVIDUALLY NAMED NEW YORK CITY POLICE OFFICERS ON BEHALF OF ADRIAN LIZARDO

18. Plaintiff repeats the foregoing allegations

19. At all relevant times, plaintiff had not committed any crime or offense and did not act in a suspicious manner.

20. Despite the innocence of the plaintiff, the defendants arrested him and or failed to intervene to prevent said false arrest.

21. Defendant's actions in making false allegations against the plaintiff ,in injuring him, in arresting him, in incarcerating him, in forcing him to make repeated appearances in court before this case was dismissed, amounts to conduct intolerable in a civilized society which has caused the plaintiff emotional distress.

22. Accordingly, the individual defendants are liable to the plaintiff under the law of the state of New York for the intentional infliction of mental distress. for the incident complained of.

## SECOND CLAIM FOR THE NEGLIGENT INFLICTION OF MENTAL & EMOTIONAL DISTRESS AS AGAINST THE CITY OF NEW YORK AND INDIVIDUALLY NAMED NEW YORK CITY POLICE OFFICERS ON BEHALF OF ADRIAN LIZARDO

23. Plaintiff repeats the foregoing allegations

24. At all relevant times, plaintiff had not committed any crime or offense and did not act in a suspicious manner.

25. Despite the innocence of the plaintiff, the defendants arrested him and or failed

to intervene to prevent said false arrest.

26. Defendant's actions in making false allegations against the plaintiff, in injuring him, in arresting him, in incarcerating him, in forcing her to make repeated appearances in court before this case was dismissed, amounts to conduct intolerable in a civilized society which has caused the plaintiff emotional distress.

27. Accordingly, the individual defendants are liable to the plaintiff under the law of the state of New York for the negligent infliction of mental distress. for the incident complained of.

### THIRD CLAIM FOR VIOLATION OF THE PLAINTIFF'S CIVIL RIGHTS AS AGAINST THE CITY OF NEW YORK & THE INDIVIDUALLY NAMED NEW YORK CITY POLICE OFFICERS ON BEHALF OF ADRIAN LIZARDO

28. Plaintiff repeats the foregoing allegations

29. In the manner as aforesaid, each of the defendants, jointly & severally, acted maliciously, willfully and wantonly, and outside the scope of his jurisdiction, although under color of law, and violated the following rights of the plaintiff; to be free from unreasonable arrest , excessive force, summary punishment without trial & due process of law.

30. Defendants, its agents servants and employees, by their conduct herein alleged, intentionally, willfully and without justification, and under color of law did deprive the plaintiff of his rights, privileges and immunities secured to her by the Constitution and the laws of the United States, and by 42 U.S.C. Sections 1983 & 1988 and by the statutes and laws of the state of New York which are invoked under the pendant jurisdiction of this Court . His rights were violated because he was deprived on his liberty as stated above.

### STATEMENT OF RELEVANT FACTS ON BEHALF OF JUAN DURAN

31. That on or about the 23rd day of January, 2013  the plaintiff was lawfully in

in the County of Queens, City and State of New York. The plaintiff was committing no crime at that time and was not acting in a suspicious manner.

32. That while at the aforesaid time and place the plaintiff was unlawfully and without just cause, approached, accosted, assaulted, falsely arrested and falsely imprisoned by the aforementioned officers of THE NEW YORK CITY POLICE DEPARTMENT who were agents, servants and employees of the defendant THE CITY OF NEW YORK who were acting under color of law during the aforesaid transactions, including but not limited to DETECTIVE VINCENT ESPOSITO and POLICE OFFICER JOHN DOE 1-10.

33. That the plaintiff was wrongfully incarcerated. He was prosecuted under docket number 2013QN004386 of the Criminal Court of the City of New York & County of Queens.. The charges included violation of New York State Penal Law 220.39 & 221.10

34. While the plaintiff was being held, his designated " arresting officer DETECTIVE VINCENT ESPOSITO, with the acquiescence of other defendants, misrepresented facts in the police reports and other documents that the plaintiff had committed offenses when in fact this was not true.

35. Upon information and belief, defendant's motives in filing these false charges was to cover up their misconduct, obtain overtime compensation and obtain credit for an arrest, and cover up the misconduct of other police officers.

36. Upon information and belief, defendants misrepresented to the Queens County District Attorney's Office and the Criminal Court of the City of New York and County of Queens that the plaintiff had committed one or more offenses. Their motives in filing these false charges was to cover up their misconduct, obtain overtime compensation and obtain credit for an arrest..

37. That the defendant continued with the prosecution of this action even though they knew the charges were false and baseless. This was done deliberately and with the intent of

harassing and damaging the plaintiff. The malicious prosecution continued until October 3, 2013 when the matter was dismissed before Judge Mullings in Part N of the Criminal Court of the City of New York and County of Queens, forcing the plaintiff to make numerous court appearances .

38.  That by reason of the foregoing the plaintiff suffered  and suffered  serious and severe physical and psychological injuries, some of which, upon information & belief are permanent in nature.

**FOURTH CLAIM OF INTENTIONAL INFLICTION OF MENTAL &  EMOTIONAL DISTRESS AS AGAINST THE NEW YORK CITY POLICE DEPARTMENT AND THE INDIVIDUALLY NAMED NEW YORK CITY POLICE  OFFICERS ON BEHALF OF JUAN DURAN**

39.  Plaintiff repeats the foregoing allegations

40..  At all relevant times, plaintiff had not committed any crime or offense and did not act in a suspicious manner.

41..  Despite the innocence of the plaintiff, the defendants arrested him and or failed to intervene to prevent said false arrest.

42. Defendant's actions in making false allegations against the plaintiff ,in injuring him,  in arresting him, in incarcerating him, in forcing him to make repeated appearances in court before this case was dismissed, amounts to conduct intolerable in a civilized society which has caused the plaintiff emotional distress.

43.  Accordingly, the individual defendants are liable to the plaintiff under the law of the state of New York for the intentional infliction of mental distress. for the incident complained of.

**FIFTH CLAIM FOR THE NEGLIGENT INFLICTION OF MENTAL & EMOTIONAL DISTRESS AS AGAINST THE CITY OF NEW YORK AND INDIVIDUALLY NAMED  NEW YORK CITY POLICE  OFFICERS ON BEHALF OF JUAN DURAN**

44. Plaintiff repeats the foregoing allegations

45.  At all relevant times, plaintiff had not committed any crime or offense and did not act in a suspicious manner.

46.  Despite the innocence of the plaintiff, the defendants arrested him and or failed to intervene to prevent said false arrest.

47. Defendant's actions in making false allegations against the plaintiff, in injuring him,  in arresting him, in incarcerating him, in forcing her to make repeated appearances in court before this case was dismissed, amounts to conduct intolerable in a civilized society which has caused the plaintiff emotional distress.

48.  Accordingly, the individual defendants are liable to the plaintiff under the law of the state of New York for the negligent infliction of mental distress. for the incident complained of.

**SIXTH CLAIM FOR VIOLATION OF THE PLAINTIFF'S CIVIL RIGHTS AS AGAINST THE CITY OF NEW YORK & THE INDIVIDUALLY NAMED NEW YORK CITY POLICE OFFICERS ON BEHALF OF JUAN DURAN**

49.  Plaintiff repeats the foregoing allegations

50.  In the manner as aforesaid, each of the defendants, jointly & severally, acted maliciously, willfully and wantonly, and outside the scope of his jurisdiction, although under color of law, and violated the following rights of the plaintiff; to be free from unreasonable arrest , excessive force, summary punishment without trial & due process of law.

51. Defendants, its agents servants and employees, by their conduct herein alleged, intentionally, willfully and without justification, and under color of law did deprive the plaintiff of his rights, privileges and immunities secured to her by the Constitution and the laws of the United States, and by 42 U.S.C. Sections 1983 & 1988 and by the statutes and laws of the state of New York which are invoked under the pendant jurisdiction of this Court. His rights were violated because he was deprived on his liberty as stated above.

## STATEMENT OF RELEVANT FACTS FIRST INCIDENT ON BEHALF OF IVAN RAMIREZ

52. That on or about the 23rd day of January, 2013 the plaintiff was lawfully in in the County of Queens, City and State of New York. The plaintiff was committing no crime at that time and was not acting in a suspicious manner.

53. That while at the aforesaid time and place the plaintiff was unlawfully and without just cause, approached, accosted, assaulted, falsely arrested and falsely imprisoned by the aforementioned officers of THE NEW YORK CITY POLICE DEPARTMENT who were agents, servants and employees of the defendant THE CITY OF NEW YORK who were acting under color of law during the aforesaid transactions, including but not limited to DETECTIVE VINCENT ESPOSITO and POLICE OFFICER JOHN DOE 1-10.

54. That the plaintiff was wrongfully incarcerated. He was prosecuted under docket number 2013QN004388 of the Criminal Court of the City of New York & County of Queens.. The charges included violation of New York State Penal Law 220.39 & 221.10

55. While the plaintiff was being held, his designated " arresting officer DETECTIVE VINCENT ESPOSITO, with the acquiescence of other defendants, misrepresented facts in the police reports and other documents that the plaintiff had committed offenses when in fact this was not true.

56. Upon information and belief, defendant's motives in filing these false charges was to cover up their misconduct, obtain overtime compensation and obtain credit for an arrest, and

cover up the misconduct of other police officers.

57. Upon information and belief, defendants misrepresented to the Queens County District Attorney's Office and the Criminal Court of the City of New York and County of Queens that the plaintiff had committed one or more offenses.  Their motives in filing these false charges was to cover up their misconduct, obtain overtime compensation and obtain credit for an arrest..

58. That the defendant continued with the prosecution of this action even though they knew the charges were false and baseless. This was done deliberately and with the intent of harassing and damaging the plaintiff. The malicious prosecution continued until October 3, 2013 when the matter was dismissed before Judge Mullings in Part N of the Criminal Court of the City of New York and County of Queens, forcing the plaintiff to make numerous court appearances .

59.  That by reason of the foregoing the plaintiff suffered  and suffered  serious and severe physical and psychological injuries, some of which, upon information & belief are permanent in nature.

### SEVENTH CLAIM INTENTIONAL INFLICTION OF MENTAL & EMOTIONAL DISTRESS AS AGAINST THE NEW YORK CITY POLICE DEPARTMENT AND THE INDIVIDUALLY NAMED NEW YORK CITY POLICE  OFFICERS ON BEHALF OF  IVAN RAMIREZ

60.  Plaintiff repeats the foregoing allegations

61.  At all relevant times, plaintiff had not committed any crime or offense and did not act in a suspicious manner.

62.  Despite the innocence of the plaintiff, the defendants arrested him and or failed to intervene to prevent said false arrest.

63. Defendant's actions in making false allegations against the plaintiff ,in injuring him,  in arresting him, in incarcerating him, in forcing him to make repeated appearances in court before this case was dismissed, amounts to conduct intolerable in a civilized society which has caused the plaintiff emotional distress.

64.  Accordingly, the individual defendants are liable to the plaintiff under the law of the state of New York for the intentional infliction of mental distress. for the incident complained of.

EIGHTH  **CLAIM FOR THE NEGLIGENT INFLICTION OF MENTAL &  EMOTIONAL DISTRESS AS AGAINST THE CITY OF NEW YORK AND  INDIVIDUALLY NAMED NEW YORK CITY POLICE  OFFICERS ON BEHALF OF   IVAN RAMIREZ**

65. Plaintiff repeats the foregoing allegations

66.  At all relevant times, plaintiff had not committed any crime or offense and did not act in a suspicious manner.

67.  Despite the innocence of the plaintiff, the defendants arrested him and or failed to intervene to prevent said false arrest.

68. Defendant's actions in making false allegations against the plaintiff, in injuring him,  in arresting him, in incarcerating him, in forcing her to make repeated appearances in court before this case was dismissed, amounts to conduct intolerable in a civilized society which has caused the plaintiff emotional distress.

69.  Accordingly, the individual defendants are liable to the plaintiff under the law of the state of New York for the negligent infliction of mental distress. for the incident complained of.

## NINTH  CLAIM FOR VIOLATION OF THE PLAINTIFF'S CIVIL RIGHTS AS AGAINST THE CITY OF NEW YORK & THE INDIVIDUALLY NAMED NEW YORK CITY POLICE OFFICERS ON BEHALF OF IVAN RAMIREZ

70. Plaintiff repeats the foregoing allegations

71. In the manner as aforesaid, each of the defendants, jointly & severally, acted maliciously, willfully and wantonly, and outside the scope of his jurisdiction, although under color of law, and violated the following rights of the plaintiff; to be free from unreasonable arrest , excessive force, summary punishment without trial & due process of law.

72. Defendants, its agents servants and employees, by their conduct herein alleged, intentionally, willfully and without justification, and under color of law did deprive the plaintiff of his rights, privileges and immunities secured to her by the Constitution and the laws of the United States, and by 42 U.S.C. Sections 1983 & 1988 and by the statutes and laws of the state of New York which are invoked under the pendant jurisdiction of this Court. . His rights were violated because he was deprived on his liberty as stated above.

### THIRTEENTH CLAIM- MONELL VIOLATION

73. The plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

74. That the City of New York is a "person" within the meaning of 42 USC Section 1983.

75. That City of New York, through a policy, practice or custom, directly caused the constitutional violations suffered by the plaintiff.

76. Upon information & belief, the City of New York, at all relevant times, was aware that the defendants and other members of the NYPD, and lawless officers who have previously committed acts similar to those herein complained of, have a tendency and predisposition for unlawful, illegal and unconstitutional conduct and or have been poorly trained, supervised and disciplined.

77. A number of members of the New York City Police Department have been convicted of crimes involving corruption, perjury, making false allegations against civilians and other criminal activity.

78. In the year 2011, former Brooklyn South Narcotics Division officer Jerry Bowen was convicted of homicide and attempted murder while he was under indictment for other crimes.

79. Former NYPD Commissioner Bernard Kerik was convicted of corruption related crimes in connection with his employment with the NYPD and served time in federal prison.

80. .In *Colon v the City of New York*, Nos. 09 cv 8, 09 cv 9 (JBW) 2009WL 4263362 (EDNY November 25, 2009), the federal court stated that an " informal inquiry by this court and among the judges of this court, as well as knowledge of cases in other federal & state courts has revealed anecdotal evidence of repeated, widespread falsification by arresting officers of the NYPD.

81. There has been a pattern of abuse and false arrest by officers of the NYPD as evidenced by numerous lawsuits by persons of color, mostly for drug related offenses. The actions include the following brought in the US District Court for the Eastern & Southern Districts of New York  Bey v v NYC, et al 09-03595 , Strong v NYC et al, 10-01602,  Brown v NYC et al 11-02277 , Stephens v NYC et al 11-05281 , Rhone v the City of New York , 12-cv-00747 Goodwin v the City of New York, 04-01482. Weston v the City of New York, 06-1513 ; In this

case the plaintiff was a 52 year old college graduate with no criminal record who had suffered from a stroke shortly before the incident.  The plaintiff, who was employed at Wagner High School as a teacher's assistant, also had to fight eviction proceedings because he lived in an apartment owned by the New York City Housing Authority .Nielson v the City of New York , Patterson v NYC et al 10-cv-00231  Lawrence v The City of New York, 11-05066.  Archipoli v the City of New York, 10-1986 , where there were several plaintiffs, including a 17 year old boy, and 39 year old William Archipoli who was confined to a wheelchair at the time as he suffers from muscular dystrophy The plaintiffs were in their own home on Staten Island when P.O. Orsini and others entered 219 Jefferson Street. The officers drew guns on all, including the wheelchair bound plaintiff. Criminal charges were filed and later dismissed in Richmond County Criminal Court.;Coleman v the City of New York 11-2574, Rosenblum v the City of New York, 07 cv-02158. Thompson v the City of New York,  Ohagan v the City of New York 09-05597 Bennett The v City of New York, 11-1929.Bunche v the City of New York, 10-cv-5731.  Morrow v NYC et al 11- 03054  George v NYC et al 10-cv-02407 Morrow v NYC et a; 11-03054  Butta et al v NYC, 11-cv-02843, Hewitt v NYC et al 09-00214, Goodwin v NYC 04-01482,, Olushesi v NYC et al 09- 01754, Patterson v NYC 10-00231, Johnson,v NYC et al 10-02407, Canlo v NYC 11-00052, Bennett v NYC, et al 11-cv-01929, , Hosang v NYC , et al 12-00751, Tung v NYC, 08-00181,  Green v NYC et al 09-01825, Whittaker v NYC et al 08-03209, Mangal & Burton v NYC, 07-3777,  Knox v NYC et al 00-00027, and Kelly v NYC et al al 10-08438 This is a total of 36 separate actions. P.O. Vincent Orsini has ben sued in at least 16 separate lawsuits.


82. That the defendant VINCENT ESPOSITO has been a defendant in the following civil rights actions venued in the United States District Court for the Eastern District of New York; Wilson v the City of New York 11-cv- 00682, settled by the City of New York for $75,000.00, Hernandez v the City of New York, 12-cv- 05621, settled by the City of New York for an undisclosed sum, Muratovic v the City of New York, 13-cv- 02842, pending and Nunez v the City of New York 14-cv- 00413, pending.

83. Despite the foregoing, the City of New York exercised deliberate indifference to the aforementioned abuses against civilians such as the plaintiffs by failing to take remedial action. The City failed to properly train, retain supervise discipline and monitor the defendants ad other members of the service guilty of similar abuses.

84 . The City's failure to act resulted in a violation of the plaintiff's constitutional rights

85.   At all times material to this complaint, defendant THE CITY OF NEW YORK had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

86. At all times material to this complaint, defendant THE CITY OF NEW YORK failed to properly train, screen, supervise, or discipline employees and police officers, and failed to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline the individually named defendants .  The policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein, causing injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

87. As a result of the foregoing, plaintiff was deprived of liberty, suffered  emotional injury, pain and suffering, great humiliation, costs and expenses, and was otherwise damaged and injured.

WHEREFORE, the plaintiff respectfully preys to the court for judgment upon each cause of action as follows:

a. Compensatory damages in an amount which this Court shall consider to be just and fair:

b. Punitive and exemplary damages in an amount which this Court shall consider to be just & fair;

c. Attorney's fees in an amount which this Court shall consider just & fair;

d.  Together with the costs and disbursements of this action and such other and further relief which this Court may seem just & proper.

DATED: BROOKLYN, NY

      October 16, 2014.   This is an electronic signature

                ------------------/s/-------------------------
                MICHAEL COLIHAN (MC-0826)
                Attorney for the Plaintiff
                    44 Court Street
                    Suite 906
                    Brooklyn, NY 11201
                (718) 488-7788